UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CRIMINAL NO. 10-20545

v.                                        HON. AVERN COHN

D-1 TYRONE RICHARD WATKINS,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES THE UNITED STATES OF AMERICA, by its attorneys, BARBARA L. MCQUADE, United States Attorney, KEVIN M. MULCAHY, Assistant United States Attorney, and EATON P. BROWN, Assistant United States Attorney, and files this Sentencing Memorandum in the above-captioned case. The parties agree that a sentence of 240 months is sufficient but not greater than necessary to accomplish the objectives of Title 18, United States Code, Section 3553(a).

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Between July 10 and August 20, 2010, the defendant, Tyrone Richard Watkins, robbed five separate banks located within the Eastern District of Michigan. On July 10, 2010, the defendant robbed a Chase Bank in Wyandotte. After entering the bank and displaying a 9 mm semi-automatic pistol tucked into the waistband of his pants, the teller gave the defendant $3,750. On July 24, 2010, the defendant entered a Bank of America in Southgate, and again lifted his shirt to reveal a firearm in his waistband. As he gripped the handle of the gun, Watkins told the teller, "I want all your hundreds and fifties." The defendant then took

approximately $1,000 from the teller. The defendant robbed a third bank on July 26 in Taylor, Michigan. When he approached the victim-teller, he lifted his shirt to display the gun in his waistband and demanded "hundreds and fifties." He took $1,250 and fled the scene. On August 9, 2010, Watkins robbed another Southgate, Michigan, bank. The teller gave the defendant $1,950 after Watkins presented a handgun at the counter. Finally, on August 20, 2010, the defendant stole $2,530 from a TCF Bank in Southgate. The teller gave Watkins the money after the defendant pointed his gun at her. Watkins then fled the scene and led police officers on a high speed chase that nearly caused several accidents. Eventually, the defendant crashed his car in a field near the highway. Inside, police found the money Watkins stole from the TCF Bank, a Smith and Wesson firearm, and some crack cocaine.

On May 2, 2011, the defendant entered a plea of guilty to counts 1, 2, 3, 5, 7, and 9 of the indictment.

## II. GUIDELINE CALCULATIONS

Even after United States v. Booker, 543 U.S. 220 (2005), district courts remain obligated to consult and accurately calculate the guideline range in each case. See Booker, 543 U.S. at 264 (noting that the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing"). Here, the government agrees with the calculations of the Probation Department.

Watkins's total offense level is 30. The Rule 11 plea agreement contemplated a criminal history category of II, however, the Probation Department confirmed that the defendant's prior conviction for delivery of drugs yielded a sentence of less than 90 days. Accordingly, Watkins's criminal history is appropriately scored at a category I. The applicable guideline

range is 97 to 121 months (rather than the previously contemplated range of 108 to 135 months) with a mandatory consecutive term of imprisonment of 84 months on count 2. See PSR at ¶108. This variation in the defendant's guideline range however, does not impact the Rule 11 plea agreement as the parties stipulated to an upward variance and a sentence of 240 months. See Dkt. 18: Plea Agreement at 7-8.

### III. SECTION 3553(a) FACTORS

Once this Court arrives at the calculated guideline range for the Defendant, which encompasses the base offense level as well as the enhancements, the Court must then consider the factors in § 3553 in exercising its post-Booker discretion. The goal of this provision is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a).

In achieving these purposes of sentencing, section 3553(a) requires sentencing courts to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes described above; (3) the kinds of sentences available; (4) the guidelines; (5) any pertinent policy statements; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . ."; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a).

By analyzing some of these factors, it is clear that the defendant has earned a sentence of 240 months.

A.     18 U.S.C. §3553(a)(1) & (a)(2)(A): THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE SERIOUSNESS OF THE OFFENSE.

During a five-week crime spree, the defendant committed five bank robberies and left a trail of threatened tellers in his wake. On each occasion, Watkins brandished a firearm while demanding money from the victims. Defendant persisted in his dangerous criminal activity up until the time he was arrested, when he took police on a high speed chase that nearly caused several accidents.

Perhaps the most significant illustration of the seriousness of defendant's crimes, however, rests in the amount of time in custody the defendant would have received had he pleaded guilty as charged–107 years to life imprisonment. A sentence of 20 years is less than one-fifth of the minimum time to which the defendant would have been exposed if he had been held accountable for the entirety of his criminal conduct. Accordingly, the sentence stipulated to by the parties represents an effort to reach a reasonable resolution while still reflecting the gravity of the defendant's conduct.

B.  <u>18 U.S.C. §3553(a)(2)(A) & (B): PROMOTING RESPECT FOR THE LAW AND PROVIDING JUST PUNISHMENT FOR THE OFFENSE AND DETERRENCE</u>.

While the defendant has only one felony criminal conviction – a 1997 narcotics offense – the criminal conduct that brings Watkins before this Court demands a sentence that provides both punishment and deterrence. Following his 1997 conviction, defendant was sentenced to probation. Unfortunately, Watkins failed to appreciate the privileges of a non-custodial sentence and violated probation on four occasions before eventually being discharged without improvement in 2006.

Less than five years later, Watkins finds himself before this Court to accept responsibility for far more serious crimes. The defendant's five bank robberies reflect not only

an escalation in the seriousness of the defendant's criminal activity, but these crimes also demonstrate a disturbing pattern of lawlessness that is undoubtedly worthy of deterrence. A twenty year sentence would provide the necessary punishment for the defendant, while also deterring him and others from similar criminal conduct.

C.  18 U.S.C. §3553(a)(7):THE NEED TO PROVIDE RESTITUTION TO THE VICTIMS OF THE OFFENSE.

The aggregate amount of restitution owed to the banks is $7,950.00. Pursuant to Title 18, United States Code, Section 3663A and United States Sentencing Guidelines Section 5E1.1, restitution shall be ordered in this amount. Accordingly, it is necessary for the Court to impose a sentence which requires the defendant to participate in a program which obligates him to repay the banks for the money he stole.

## IV. THE GOVERNMENT'S RECOMMENDATION

For the aforementioned reasons, the United States respectfully recommends that the Court impose a period of 240 months imprisonment.

                                                Respectfully submitted,

                                                BARBARA L. MCQUADE
                                                United States Attorney

                                                s/KEVIN M. MULCAHY
                                                Kevin M. Mulcahy
                                                Chief, General Crimes Unit
                                                Assistant U.S. Attorney


                                                s/EATON P. BROWN (P66003)
                                                Eaton P. Brown
                                                Assistant U.S. Attorney
                                                211 W. Fort, Suite 2001
                                                Detroit, MI 48226

Date: October 18, 2011                  (313) 226-9184