UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE RICHARD WATKINS,

    Petitioner,

vs.                                                Case No. 10-20545

UNITED STATES OF AMERICA,                HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER DISMISSING MOTION UNDER 28 U.S.C. § 2255
AND DENYING A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a habeas case under 28 U.S.C. § 2255.  Petitioner Tyrone Richard Watkins (Petitioner) plead guilty under a Rule 11 agreement to five counts of bank robbery and one count of using a firearm during and in relation to a crime of violence.  Petitioner filed a direct appeal, which was dismissed based upon the waiver in his plea agreement.

Before the Court is Petitioner's motion under § 2255 in which he claims ineffective assistance of counsel, breach of the plea agreement, and argues that his sentence was procedurally unreasonable.  The government filed a response contending that the petition is barred by the statute of limitations.  The Court agrees.  Accordingly, the petition will be dismissed.  The reasons follow.

II.  Background

Petitioner robbed five separate banks between July 10 and August 20, 2010. During each robbery, Petitioner displayed a firearm and threatened bank employees. Petitioner was charged in a 12 count indictment, which included five counts of bank robbery, five counts of using and carrying a firearm during a crime of violence, one count of felon in possession of a firearm, and one count of possession of a controlled substance.

On May 2, 2011, Petitioner plead guilty to five counts of bank robbery and one firearm count.  As part of the plea agreement, the parties calculated Petitioner's guidelines range at 108 to 135 months plus 84 months consecutive, for a range of 192-219 months.  However, because Petitioner was facing the possibility of 107 years to life if he had been found guilty as charged, the parties stipulated to a 240 month sentence. The probation department later determined, due to an adjustment in Petitioner's criminal history category, that Petitioner's guidelines range was 97 to 121 months, plus 84 months consecutive, for a range of 181-205 months.

On October 31, 2011, the Court sentenced Petitioner to 240 months imprisonment.  Petitioner appealed, contending he did not adequately understand the appellate-waiver provision in the plea agreement.  The government moved to dismiss based on the appellate-waiver provision..  The Court of Appeals for the Sixth Circuit dismissed the appeal.  The order dismissing the appeal was filed on September 12, 2012.  Petitioner did not seek certiorari.  On December 20, 2013, Petitioner handed his petition to prison authorities for mailing, which was received and filed on December 23, 2013.

### III. Analysis

#### A. General Standard

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

#### B. Statute of Limitations

The government argues that the motion is barred by the statute of limitations. There is a one-year statute of limitation for filing a § 2255 motion. See 28 U.S.C. § 2255. 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

C.  Application

Here, the question is when Petitioner's conviction became final.  According to the Sixth Circuit, the "date on which the conviction becomes final," under Subsection (f)(1) means "at the conclusion of direct review."  28 U.S.C. § 2255; Sanchez–Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004).  When a defendant appeals to the court of appeals, the judgment of conviction becomes final for purposes of Section 2255 upon the expiration of the ninety-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. Clay v. United States, 537 U.S. 522, 525 (2003); Johnson v. United States, 457 Fed. App'x 462, 2012 WL 171379 (6th Cir. Jan. 23, 2012).

Here, the deadline for filing a petition for writ of certiorari with the Supreme Court expired, at the latest, on December 12, 2012, ninety days after the Sixth Circuit issued its decision on September 12, 2012.[1]  Thus, Petitioner was required to file his § 2255 motion no later than December 12, 2013.  A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing.  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), (citing Houston v. Lack, 487 U.S. 266, 270–71 (1988)).  The back side of the envelope in which Petitioner mailed his § 2255 motion reflects he gave prison authorities his motion for mailing on December 20, 2013, beyond the statute of limitations period.

It is noted that Petitioner has not argued equitable tolling is applicable to his untimely motion.  Even though the one-year statute of limitation is subject to equitable

---

[1] In his papers, Petitioner says the Sixth Circuit's order was filed on September 20, 2012.  That is incorrect.  The Sixth Circuit's order was filed on September 12, 2012.

4

tolling under certain limited circumstances, Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), Petitioner's case does not present such a situation.  Generally, to be entitled to equitable tolling, a defendant must demonstrate he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his federal petition. Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Petitioner has not argued, much less put forth any evidence, demonstrating that he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his motion.  Accordingly, equitable tolling does not save Petitioner's untimely § 2255 motion from the statute of limitations.

## IV.  Conclusion

For the reasons stated above, Petitioner's motion under § 2255 is DISMISSED as barred by the statute of limitations.  Furthermore, reasonable jurists would not debate whether the issues deserve encouragement to proceed further.  The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2).[2]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

          S/Avern Cohn
          UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2014

---

[2]The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

                                          10-20545 TYRONE RICHARD WATKINS V.
                                                      UNITED STATES OF AMERICA

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 20, 2014, by electronic and/or ordinary mail.

                                          <u>Sakne Chami</u>
                                          Case Manager, (313) 234-5160