UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TYRONE RICHARD WATKINS,

      Petitioner,

vs.                                         Case No. 10-20545

UNITED STATES OF AMERICA,           HON. AVERN COHN

      Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION UNDER RULE 60(b)(1) (Doc. 37)

### I. Introduction

This is a case under 28 U.S.C. § 2255.  Petitioner Tyrone Richard Watkins (Petitioner) plead guilty under a Rule 11 agreement to five counts of bank robbery and one count of using a firearm during and in relation to a crime of violence.  Petitioner filed a direct appeal, which was dismissed because of the waiver in his plea agreement. Petitioner then filed a motion under § 2255, claiming ineffective assistance of counsel, breach of the plea agreement, and that his sentence was procedurally unreasonable. On February 20, 2014, the Court dismissed the petition as time barred.  (Doc. 36).

After the petition was dismissed, Petitioner filed a motion under Fed. R. Civ. P. 60(b)(1), contending that the Court erred in dismissing the petition.  (Doc. 37).  The government filed a response.  (Doc. 39).  For the reasons that follow, the motion is GRANTED.

II. Background

The background is described in order denying Petitioner's § 2255 motion as

follows:

> Petitioner robbed five separate banks between July 10 and August 20, 2010.  During each robbery, Petitioner displayed a firearm and threatened bank employees.  Petitioner was charged in a 12 count indictment, which included five counts of bank robbery, five counts of using and carrying a firearm during a crime of violence, one count of felon in possession of a firearm, and one count of possession of a controlled substance.
>
> On May 2, 2011, Petitioner plead guilty to five counts of bank robbery and one firearm count.  As part of the plea agreement, the parties calculated Petitioner's guidelines range at 108 to 135 months plus 84 months consecutive, for a range of 192-219 months.  However, because Petitioner was facing the possibility of 107 years to life if he had been found guilty as charged, the parties stipulated to a 240 month sentence.  The probation department later determined, due to an adjustment in Petitioner's criminal history category, that Petitioner's guidelines range was 97 to 121 months, plus 84 months consecutive, for a range of 181-205 months.
>
> On October 31, 2011, the Court sentenced Petitioner to 240 months imprisonment.  Petitioner appealed, contending he did not adequately understand the appellate-waiver provision in the plea agreement.  The government moved to dismiss based on the appellate-waiver provision..  The Court of Appeals for the Sixth Circuit dismissed the appeal.  The order dismissing the appeal was filed on September 12, 2012.  Petitioner did not seek certiorari.  On December 20, 2013, Petitioner handed his petition to prison authorities for mailing, which was received and filed on December 23, 2013.

(Doc. 36 at p. 2).

The Court dismissed the motion as untimely, explaining:

> Here, the deadline for filing a petition for writ of certiorari with the Supreme Court expired, at the latest, on December 12, 2012, ninety days after the Sixth Circuit issued its decision on September 12, 2012.  Thus, Petitioner was required to file his § 2255 motion no later than December 12, 2013.  A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing.  In re Sims, 111 F.3d 45, 47 (6th Cir. 1997), (citing Houston v. Lack, 487 U.S. 266, 270–71 (1988)).  The back side of the envelope in which Petitioner mailed his § 2255 motion reflects he gave prison authorities his motion for mailing on December 20, 2013, beyond the statute of limitations period.

(Id. at p. 4) (footnote omitted).

III.  Analysis

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Petitioner seeks relief under Rule 60(b)(1) which provides for relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect."

Here, Petitioner says the Court erred in not providing him notice of the untimeliness of the petition and for failing to toll the statute of limitations and permit Petitioner to develop a record regarding his diligence.

Essentially, Petitioner argues that the Court should have given Petitioner notice that the motion was time barred and a opportunity to show that he is entitled to equitable tolling.  As to the first argument, Petitioner was made aware that the motion may be time barred since the government raised the issue in its response to the motion. See Doc. 113, filed on January 14, 2014.  Petitioner did not file a reply.  The Court dismissed the motion as time barred on February 20, 2014, nearly five weeks after the government filed its response.  Petitioner therefore had notice of the time limits as well as an opportunity to address the statute of limitations issue.  Petitioner did not.  Thus, Petitioner is not entitled to Rule 60(b)(1) on the grounds that he did not have notice of the statute of limitations.

As to the second argument, the one-year limitations period is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010); Akrawi v. Booker, 572 F.3d 252, 260 (6th Cir. 2009); Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  See Keenan, 400

3

F.3d at 420; <u>Allen</u>, 366 F.3d at 401.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  <u>Holland</u>, 130 S.Ct. at 2562 (citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); <u>Lawrence</u>, 549 U.S. at 335; <u>Hall</u>, 662 F.3d at 750; <u>Akrawi</u>, 572 F.3d at 260.  Although, as the Supreme Court emphasized in <u>Holland</u>, equitable tolling does not require "maximum feasible diligence," it does require "reasonable diligence."  <u>Id</u>.  To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action.  <u>Dodd v. United States</u>, 365 F.3d 1273, 1282 (11th Cir. 2004).  The Court of Appeals for the Sixth Circuit has explained that courts should not be rigid in applying this standard and should "consider each claim for equitable tolling on a case-by-case basis."  <u>Jones v. United States</u>, 689 F.3d 621, 627 (6th Cir. 2012).  "The flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention, and to accord all the relief necessary to correct particular injustices."  <u>Holland</u>, 130 S.Ct. at 2563 (internal quotation marks and alterations omitted).

In dismissing the petition, the Court noted that Petitioner has not presented any argument as to equitable tolling therefore the Court declined to equitably toll the petition to render it timely filed.  In his Rule 60(b)(1) motion, however, Petitioner puts forth an argument to justify equitable tolling.  Petitioner explains that he first became aware that he could pursue a motion under § 2255 upon his arrival to FCI Sandstone, where he is currently housed, on January 10, 2012.  He says at that point he diligently pursued filing his motion, conducting legal research when he had the opportunity to do so.  Petitioner

4

points out that his motion was filed only eight (8) days after the statute of limitations

expired.  He goes on to say that he believed the one-year requirement excluded

weekends and holidays.  Thus, he believed the motion was timely filed.  A review of

Petitioner's motion leads to the conclusion that Petitioner has shown reasonable efforts

to file a timely § 2255 motion and extraordinary circumstances.  In short, Petitioner has

established that he is entitled to relief under Rule 60(b)(1) inasmuch as his § 2255

motion should be equitably tolled so as to render it timely filed.

In light of this decision, Petitioner's § 2255 motion is reinstated.  Respondent

shall file a response to the motion within 45 days of this order.  Petitioner may file a

reply within 30 days after receiving Respondent's response.

SO ORDERED.


 S/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 4, 2015
        Detroit, MI


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, February 4, 2015, by electronic and/or ordinary mail.


S/Sakne Chami_____
Case Manager, (313) 234-5160