UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v().                                                                                        Civil Case No. 13-15224
                                                                     Crim. Case No. 10-20545

TYRONE RICHARD WATKINS,                HONORABLE AVERN COHN

    Defendant-Petitioner.

_____/

**ORDER DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (Doc. 96)**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a case under 28 U.S.C. § 2255. Petitioner Tyrone Richard Watkins (Petitioner), proceeding pro se, plead guilty under a Rule 11 agreement to five counts of bank robbery and one count of using a firearm during and in relation to a crime of violence. Petitioner filed a direct appeal, which was dismissed because of the waiver of appeal in his plea agreement. Petitioner then filed a motion under § 2255, claiming ineffective assistance of counsel, breach of the plea agreement, and that his sentence is procedurally unreasonable. The Court dismissed the petition as time barred. (Doc. 36). Petitioner then filed a motion under Fed. R. Civ. P. 60(b)(1). (Doc. 37). The Court granted the motion, finding Petitioner was entitled to equitable tolling and directed the government to file a substantive response to the § 2255 petition. (Doc. 40). The government filed a response (Doc. 41) and Petitioner filed an amended memorandum in

support of the petition. (Doc. 42). The matter is now ready for decision. For the reasons that follow, the motion is DENIED.

## II. Background

The background is described in the Court's prior order as follows:

> Petitioner robbed five separate banks between July 10 and August 20, 2010. During each robbery, Petitioner displayed a firearm and threatened bank employees. Petitioner was charged in a 12 count indictment, which included five counts of bank robbery, five counts of using and carrying a firearm during a crime of violence, one count of felon in possession of a firearm, and one count of possession of a controlled substance.
> On May 2, 2011, Petitioner plead guilty to five counts of bank robbery and one firearm count. As part of the plea agreement, the parties calculated Petitioner's guidelines range at 108 to 135 months plus 84 months consecutive, for a range of 192-219 months. However, because Petitioner was facing the possibility of 107 years to life if he had been found guilty as charged, the parties stipulated to a 240 month sentence. The probation department later determined, due to an adjustment in Petitioner's criminal history category, that Petitioner's guidelines range was 97 to 121 months, plus 84 months consecutive, for a range of 181-205 months.
> On October 31, 2011, the Court sentenced Petitioner to 240 months imprisonment. Petitioner appealed, contending he did not adequately understand the appellate-waiver provision in the plea agreement. The government moved to dismiss based on the appellate-waiver provision.. The Court of Appeals for the Sixth Circuit dismissed the appeal. . . .

(Doc. 36 at p. 2).

Notably, the appeal waiver provision in the Rule 11 agreement states:

> Defendant waives any right he may have to appeal his conviction or his sentence if the Court adopts the parties' proposed upward variance and sentences the defendant to a term of 240 months. If the sentence imposed is 240 months, the government agrees not to appeal the sentence. If the sentence imposed is higher than 240 months, the defendant retains the right to appeal his sentence. If the sentence imposed it less than 240 months, the government retains the right to appeal the sentence.

In dismissing Petitioner's appeal, the Sixth Circuit, after concluding that the plea was knowing and voluntary, explained in part:

> . . . the district court specifically discussed the appellate-waiver provision, making clear that Watkins could only appeal his sentence if it exceeded 240 months of imprisonment.
> Therefore, Watkins's guilty plea is valid and the appellate-waiver provision is enforceable.

United States v. Watkins, No. 11-2449 (6th Cir. Sep. 12, 2014).

### III.  The Law

Title 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . .or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

To prevail under § 2255, petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 386 U.S. 424, 428 (1962)).

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was constitutionally deficient in that the performance "fell below an objective standard of reasonableness under prevailing professional norms" and (2) that he was prejudiced by his counsel's errors. Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).  In order to establish prejudice, a petitioner must demonstrate that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "The Strickland analysis also applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea process." Magana, 263 F.3d at 547 (quoting

3

Hill v. Lockhart, 474 U.S. 52, 58 (1985)). In the guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel' errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

IV. Analysis

A.

The government argues that Petitioner's second claim, claiming a breach of the plea agreement, and his third claim, contending that his sentence is procedurally unreasonable, are procedurally barred.

A federal prisoner's failure to raise a claim on direct appeal, excepting claims of ineffective assistance of counsel, results in a procedural default of that claim. Bousley v. United States, 523 U.S. 614, 621 (1998); Peveler v. United States, 269 F.3d 693, 698 (6th Cir.2001). A procedurally defaulted claim may nonetheless obtain review if the prisoner can show cause to excuse his failure to raise the claim on direct appeal and actual prejudice resulting from the alleged violation. Bousley, 523 U.S. at 622; Peveler, 269 F.3d at 698–700. If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced. Bousley, 523 U.S. at 623.

Here, even assuming Petitioner could show cause for not presenting either claim on direct appeal, he cannot show that he was prejudiced as a result. This is so because neither claim has merit.

Petitioner says that his sentence is procedurally unreasonable because the Court failed to explain the §3553(a) factors underlying his sentence. However, the Rule 11

4

agreement was structured in a way that a 240 month sentence was the only sentencing option.  The plea colloquy clearly demonstrates that Petitioner understood all aspects of the plea agreement, as the Sixth Circuit so found.  The plea agreement called for a term of incarceration far below the 107-year mandatory minimum sentence to which Petitioner was exposed.  As the Court noted at sentencing, the plea agreement stripped the Court of its discretion in sentencing so any failure to discuss the sentencing factors did not prejudice Petitioner.

Petitioner also says that the government breached the plea agreement because between the time of the plea and the time of sentence, the parties realized that Petitioner was a Category I criminal history, rather than a Category II criminal history.  This variation impacted Petitioner's guideline range such that the parties were required to stipulate to an upward variance of 54 months, rather than 21 months in order to reach the agreed-upon 240 month sentence.  Petitioner says that difference amounts to a breach of contract.  This is not so.  The crux of the contract between the parties concerned the ultimate sentence Petitioner was to receive – 240 months – not the amount of months stipulated to in order to arrive at that result.  As such, the ultimate effect was the same – a sentence of 20 years rather than potentially 107 years.  Petitioner, therefore, received the sentence he bargained for in the Rule 11 plea agreement.  There was no breach of contract nor was Petitioner prejudiced.

B.

With regard to Petitioner's claim of ineffective assistance of counsel, Petitioner says that his attorney should have informed the Probation Department about an error in his criminal history and objected to this mistake at sentencing.  As noted above,

between the time of the plea and the time of sentence, Petitioner's criminal history category fell from a II to a I.  This modification changed his guideline range on the bank robberies from 108-135 months to 97 to 121 months.  As part of the plea, the parties agreed to stipulate to sentence of 156 months (13 years) for the five bank robberies Petitioner committed, to be followed by 84 months (seven years) for the use of a gun during a crime of violence, in order to reach a total sentence of 240 months (20 years).  In order to arrive at 156 months on the underlying offenses, however, the parties were required to stipulate to an upward variance of 21 months from the top of the guidelines (135 months).  When the guideline range came back lower than calculated, this calculation changed the stipulation required to reach 156 months.  Rather than stipulating to an upward variance of 21 months, the parties had to stipulate to a 35-month upward variance in order to reach the agreed-upon 156 month sentence.  Again, this 14-month difference in the stipulated upward variance did not impact the ultimate sentence agreed upon the in Rule 11 agreement of 240 months. Petitioner's counsel negotiated a sentence far lower than what Petitioner faced had he been convicted at trial.  Thus, Petitioner's counsel was not ineffective.

Moreover, Petitioner cannot show prejudice from counsel's actions.  Even if Petitioner's counsel had discovered the error in the criminal history prior to sentencing and objected, this difference would not have assisted him in receiving a lower sentence as the plea agreement bound the parties to the 20-year sentence the Court imposed.

## V.  Conclusion

For the reasons stated above, Petitioner has not demonstrated that he is entitled to relief under § 2255.  Accordingly, the motion is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1] See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

SO ORDERED.

<u>S/Avern Cohn</u><br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2015
      Detroit, Michigan

---

[1] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.