UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                 Case No. 10-20545

TYRONE RICHARD WATKINS,        HONORABLE AVERN COHN

    Defendant-Petitioner.

_____/

**ORDER DISMISSING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (Doc. 50)
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

I. Introduction

This is a criminal case. Defendant-Petitioner Tyrone Richard Watkins (Watkins), proceeding pro se, plead guilty under a Rule 11 agreement to five counts of bank robbery and one count of using a firearm during and in relation to a crime of violence. He was sentenced to 240 months in accordance with the plea agreement.

Before the Court is Watkins' motion under 28 U.S.C. § 2225 in which Petitioner claims he is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). As will be explained, this is Watkins' second motion under § 2255 and he has a motion seeking permission to file a second § 2255 motion based on the holding in Johnson pending in the Court of Appeals for the Sixth Circuit. As such, Petitioner's motion is DISMISSED.

II. Background

Following his conviction, Watkins filed a direct appeal. The Sixth Circuit dismissed the appeal based on the appellate waiver in his plea agreement. See Doc.

27. Petitioner then filed a motion under § 2255, claiming ineffective assistance of counsel, breach of the plea agreement, and that his sentence is procedurally unreasonable. The Court denied the motion and declined to issue a certificate of appealabilty. (Doc. 43). The Sixth Circuit also declined to issue a certificate of appealabilty. (Doc. 49).

Thereafter, Watkins filed the instant motion under § 2255 seeking relief based on Johnson. Given that this is Watkins' second motion under § 2255, the motion would appropriately be transferred to the Sixth Circuit for permission. However, within days of filing a motion in this Court, Watkins filed a motion in the Sixth Circuit seeking permission to file a second § 2255 based on Johnson. See In re: Watkins, No. 16-1911. The government has filed a response to Watkins' motion in the Sixth Circuit where the motion remains pending.

Given that the issue of whether Watkins is entitled to relief based on Johnson is pending before the Sixth Circuit, in lieu of transferring Watkins' similar motion, the better course is to dismiss Watkins' motion. Further, because reasonable minds would not disagree on this decision, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: October 27, 2016
      Detroit, Michigan